IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
CLERK OF COURT

2005 MAY -6  P 2: 48

| | |
|---|---|
| **Richard Adams,** ) | C/A No. 9:04-2586-27BG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Phillip E. Thompson; ) | |
| Tom Fox; ) | |
| Susan Safford; ) | |
| NFN Johnson, Captain; ) | |
| Joey Johnson, ) | |
| ) | |
| Defendants. ) | |



Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This civil rights action was initiated by Plaintiff as one of eighty-five plaintiffs who signed a single complaint alleging unconstitutional prison conditions while incarcerated at Horry County Detention Center (HCDC). [Document No. 2]. In Robinson v. Thompson, C/A No. 9:04-2449-27BG, the Honorable R. Bryan Harwell, United States District Judge, authorized the Clerk of Court to assign a separate civil action number to each of the eighty-four plaintiffs listed in the original complaint, with the "lead" plaintiff remaining as the only plaintiff in that case. [Document No. 1]. The above-captioned case is a result of the assignment of an individual case number, so that Plaintiff could proceed with this suit for any individual claims and specific injuries he may have sustained.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has

been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) *(per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.

## Discussion



On August 20, 2004, the undersigned Magistrate Judge issued an order advising Plaintiff of his need to bring his action into proper form and failure to do so within the timetable set in the Order would subject the case to dismissal.[Document No. 3]. The order was returned as undeliverable mail. A second order advising Plaintiff of his need to bring his action into proper form was issued on September 22, 2004.[Document No. 4]. The order also warned Plaintiff that failure to advise the Court in writing of any change of address could result in dismissal of the case. Plaintiff complied with the order and provided the information necessary to evaluate the case under 28 U.S.C. § 1915 and § 1915A. On November 17, 2004, after review of the Plaintiff's response to the Court's initial order, an order authorizing service of process by the U. S. Marshal was issued. [Document No. 8]. Counsel for Defendants filed an Answer, as well as a Motion for Summary Judgment with Memorandum in Support. [Document No. 17, 18 & 19]. By order filed March 8, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of summary judgment procedure and the possible consequences if he failed to respond adequately. Because Plaintiff did

not respond to the order explaining summary judgment, another order was issued on April 13, 2005, allowing Plaintiff twenty days to respond to the summary judgment motion. [Document No. 21]. Plaintiff was advised that his failure to respond would result in the dismissal of his case for failure to prosecute. Plaintiff has failed to comply with the order of this Court. Plaintiff has failed to prosecute this case and the case should be dismissed.

It is well established that this Court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See* Link v. Wabash Railroad Company, 370 U.S. 626, 630-31 (1962). As well as inherent authority, this Court may *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Id at 630. This case should be dismissed pursuant to Rule 41(b) Fed. R. Civ. P., which allows for dismissal based on "failure of the plaintiff to prosecute or to comply with these rules or any order of court."

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *with prejudice*. Plaintiff's attention is directed to the notice on the following page.

Respectfully Submitted,

George C. Kosko
United States Magistrate Judge

May 6, 2005
Charleston, South Carolina

3

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 835**
**Charleston, South Carolina 29402**